108-0000171797
232

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA
SIOUX FALLS DIVISION

IN RE:   Valerie A Korthals

Debtor(s)

Case No.:   04-41450--7
Chapter:      7

## REAFFIRMATION AND ADEQUATE PROTECTION AGREEMENT

Creditor's Name and Address:   AmeriCredit
P.O. Box 183853
Arlington, TX 76096

Instructions:  Attach a copy of all court judgments, security agreements, and evidence of their perfection. File all the documents by mailing them or delivering them to the Clerk of the Bankruptcy Court.

## NOTICE TO DEBTOR

**This agreement gives up the protection of your bankruptcy discharge for this debt.**

**As a result of this agreement, the creditor may be able to take your property**  if you do not pay the agreed amounts.  The creditor may also act to collect the debt in other ways.

**You may rescind (cancel) this agreement at any time before the bankruptcy court enters a discharge order, or within sixty (60) days after this agreement is filed with the court, whichever is later,** by notifying the creditor that the agreement is cancelled.

**You are not required to enter into this agreement by any law.**    It is not required by the Bankruptcy Code, or by any other law, or by any contract (except another reaffirmation agreement made in accordance with Bankruptcy Code §524(c)).

**You are allowed to pay this debt without signing this agreement.**  However,  if you do not sign this agreement and are later unwilling or unable to pay the full amount, the creditor will not be able to collect it from you.  The creditor also will not be allowed to take your property to pay the debt unless the creditor has a lien on that property.

If the creditor has a lien on your personal property, you may have a right to redeem the property and eliminate the lien by making a single payment to the creditor equal to the current value of the property, as agreed by the parties or determined by the court.

**This agreement is not valid or binding unless it is filed with the clerk of the Bankruptcy Court. If you were not represented by an attorney during the negotiation of this reaffirmation agreement, the agreement cannot be enforced by the creditor unless 1) you have attended a reaffirmation hearing in the Bankrupcty Court, and 2) the agreement has been approved by the Bankrupcty Court.   Court approval is not required if this is a consumer debt secured by a mortgage or other lien on your real estate.**

Acct # 421399387/171797



# REAFFIRMATION AGREEMENT

The debtor and creditor named above agree to reaffirm the debt described in this agreement as follows:

## THE DEBT

| | | |
|---|---|---|
| Total Amount of Debt When Case was Filed: | | 10313.81 |
| Total Amount of Debt Reaffirmed: | | 10313.81 |
| Above total includes the following: | | |
| Interest Accrued to Date of Agreement: | 0.00 | |
| Attorney Fees: | 0.00 | |
| Late Fees: | 0.00 | |
| Other Expenses or Costs Relating to the collection of this Debt: | 0.00 | |
| Description: | | |
| Annual Percentage Rate (APR): | | 18.000 |
| Amount of Monthly Payment: | | 329.49 |
| Date Payments Start: | | 11/26/2004 |
| Total Number of Payments to be Made: | | 42 |
| Total of Payments if Paid According to Schedule: | | 13838.58 |
| Date Any Lien is to be Released if Paid Per Schedule: | | 06/08/2008 |

The debtor agrees that any and all remedies available to the creditor under the security agreement remain available.

All additional terms agreed to by the parites (if any):


Payments on this debt were not in default as of the date on which this bankruptcy case was filed.

This agreement differs from the original agreement with the creditor as follows:


## CREDITOR'S STATEMENT CONCERNING AGREEMENT AND SECURITY/COLLATERAL

| | |
|---|---|
| Description of Collateral: | 2003 KIA SPECTRA-4 CYL. HBK 4D GS<br>VIN: KNAFB161735100742 |
| Value: | $ 7450.00 |
| Basis or Source for Valuation: | N.A.D.A. Used Car Guides |
| Current Location and Use of Collateral: | In Debtor's possession for Debtor's personal use |
| Expected Future Use of Collateral: | Debtor's personal use |

Check Applicable Boxes:

[X]    Any lien described herein is valid and perfected.

[ ]    This agreement is part of a settlement dispute regarding this dischargeability of this debt under Section 523 of the Bankruptcy Code (11U.S.C. §523) or any other dispute.   The nature of the dispute is:

108-0000171797



## DEBTOR'S STATEMENT OF EFFECT OF AGREEMENT ON DEBTOR'S FINANCES

My monthly income (take-home pay plus any other income received) is $ _____ .

My current monthy expenses total $ _____ , not including any payment due under this agreement or payment on any debt to be discharged in this bankruptcy case.

I believe this agreement [will] [will not] impose an undue hardship on me or my dependents.

## DEBTOR'S STATEMENT CONCERNING DECISION TO REAFFIRM

I agree to reaffirm this debt because:

I believe this agreement is in my best interest because:

I [considered] [did not consider] redeeming the collateral under section 727 of the Bankruptcy Code (11 U.S.C.§722). I chose not to redeem because:

I [was] [was not] represented by an attorney during the negotiation of this agreement.

## CERTIFICATION OF ATTACHMENTS

[X] Any documents which created and/or perfected the security interest or lien on any collateral referenced in this agreement are attached hereto.

[ ] If the documents which created and/or perfected the security interest or lien on any collateral referenced in this agreement are not attached hereto, they are not attached because:

## SIGNATURES

Debtor:
X _Valerie A Korthals_
(Blue Ink) Valerie A Korthals
Date: _12/20/04_

Joint Debtor (if any):

_____
(Blue Ink) N/A
Date: _____

Creditor:
AmeriCredit

_Alwits Whitten_
By: Alice Whitten
Date: _12/30/04_

## CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

I hereby certify (1) that this agreement represents a fully informed and voluntary agreement by the debtor(s) ; (2) that this agreement does not impose a hardship on the debtor or any dependent of the debtor; and (3) that I have fully advised the debtor(s) of the legal effect and consequences of this agreement and any default of this agreement.

Date: _12-20-04_

(Blue Ink) Douglas G Lorenzen
Attorney for the Debtor(s)

Acct # : 421399387/171797

| CONSUMER PAPER<br>RETAIL INSTALLMENT CONTRACT<br>AND SECURITY AGREEMENT | Seller<br>BILLION BUICK-OLDS-GMC-MITSUBISHI-KIA<br>3015 SO. MINNESOTA AVE<br>SIOUX FALLS, SD 57105 | Buyer VALERIE KORTHALS<br>301 S JESSICA<br>SIOUX FALLS, SD 57103 |
|---|---|---|
| No<br>Date    04/11/2003 | "We" and "us" mean the Seller above, its<br>successors and assigns | "You" and "your" mean each Buyer above, and<br>guarantor, jointly and individually |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments

| Description of<br>Motor Vehicle<br>Purchased | Year<br>2003 | VIN  KNAFB161735100742 | Other |
|---|---|---|---|
| | Make  KIA | Lic.No./Year | |
| | Model  SPECTRA | ☐ New ☐ Used | |

Description of<br>Trade In                              N/A

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ ____12880.29____ , plus finance charges accruing on the unpaid balance at the rate of ____.0000____ % per year from today's date until maturity. Finance charges accrue on a ____18.00____ day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at ____18.00____ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule

### TRUTH IN LENDING DISCLOSURES

| ANNUAL<br>PERCENTAGE RATE<br>The cost of your credit as<br>a yearly rate | FINANCE<br>CHARGE<br>The dollar amount the<br>credit will cost you | AMOUNT FINANCED<br>The amount of credit<br>provided to you or on<br>your behalf | TOTAL OF PAYMENTS<br>The amount you will have<br>paid when you have made<br>all scheduled payments | TOTAL SALE PRICE<br>The total cost of your purchase on<br>credit, including your down payment of<br>$ 2250.00 |
|---|---|---|---|---|
| 18.00  % | $ 6889.11 | $ 12880.29 | $ 19769.40 | $ 22019.40 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 59 | 329.49 | MONTHLY BEGINNING  05/26/2003 |
| 1 | 329.49 | DUE ON            04/26/2008 |

**Security:** You are giving a security interest in the Motor Vehicle purchased

☐ **Late Charge:** If a payment is more than ____10____ days late, you will be charged ____5% OF THE UNPAID PAYMENTS OR____ ____$5.00  WHICHEVER IS GREATER____

**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase

**Credit Life:** Insured _____
☐ Single ☐ Joint  Prem $ _____N/A_____ Term ____N/A____

**Credit Disability:** Insured _____
☐ Single ☐ Joint  Prem $ _____N/A_____ Term ____N/A____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered

Buyer _____ d/o/b ____ Buyer _____ d/o/b ____

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ ____N/A____. If you get insurance from or through us you will pay $ ____N/A____ for _____ of coverage

This premium is calculated as follows
☐ $ ____N/A____ deductible, Collision Coverage $ ____N/A____
☐ $ ____N/A____ deductible, Comprehensive Cov $ ____N/A____
☐ Fire-Theft and Combined Additional Coverage $ ____N/A____

Liability insurance coverage for personal liability and property damage caused to others is not included in this Contract unless checked and indicated

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered

Buyer _____ Buyer _____

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____
This Service Contract will be in effect for ____N/A____

**ASSIGNMENT:** This Contract and Security Agreement is assigned to  AMERICREDIT FINANCIAL SERVICES
the Assignee, phone _____ . This assignment is made
☐ under the terms of a separate agreement ☒ under the terms of
the ASSIGNMENT BY SELLER on page 2 ☐ this assignment is made
with recourse
Seller By _____ Date _____

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 427.23 ) | | 14621.29 |
| Service Contract, Paid to _____ | $ | N/A |
| Amount to Finance line e (if e is negative) | | N/A |
| | Cash Price $ | 14621.29 |
| Manufacturer's Rebate | 1750.00 | |
| Cash Down Payment | 500.00 | |
| Deferred Down Payment $ | N/A | |
| a  Total Cash/Rebate Down | $ | 2250.00 |
| b  Trade-In Allowance | $ | N/A |
| c  Less Amount owing $ | N/A | |
| Paid to _____ | | |
| d  Net Trade-In (b minus c) | $ | N/A |
| e  Net Cash/Trade-In (a plus d ) | $ | 2250.00 |
| Down Payment ( e , disclose as $0 if negative) | $ | 2250.00 |
| Unpaid Balance of Cash Price | $ | 12371.29 |
| Paid to Public Officials - Filing Fees | $ | 60.00 |
| Insurance Premiums* | | |
| To _____ | $ | N/A |
| To  DOC. FEE | $ | 49.00 |
| To _____ | $ | N/A |
| To  GAP | $ | 400.00 |
| To _____ | $ | N/A |
| To _____ | $ | N/A |
| Total Other Charges/Amounts Pd. to Others | $ | 509.00 |
| Less Prepaid Finance Charges | $ | N/A |
| Amount Financed | $ | 12880.29 |

*We may retain or receive a portion of this amount
Your signature below means you agree to the fees paid to public officials and taxes itemized above. These fees have been disclosed and explained to you prior to your signing this Contract

*Valerie Korthals*
Buyer _____ Buyer _____

### NOTICE TO BUYER

(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer *Valerie Korthals*                04/11/2003
Signature _____          Date _____

Signature _____          Date _____
Seller By  DRO  ZB

Experts © 1992, 1996 Bankers Systems, Inc. St. Cloud, MN Form RS 21 MV SD 5/9/2000

MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES                              (page 1 of 2)

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of South Dakota will govern this transaction. It is also governed by applicable federal law and regulations. In the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in South Dakota, unless otherwise required by law.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days notice prior to changing your name or principal residence.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following.

A  Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.

B  You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

C  The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

D  You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

E  You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.

F  You will pay all taxes and assessments on the Property as they become due.

G  You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A  You fail to make a payment within 30 days of when it is due.

B  You fail to perform any obligation that you have undertaken in this Contract.

C  We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract.

A  We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

B  We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C  We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D  We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

E  Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**RETURNED CHECK CHARGE:** If you make any payment required by this Contract with a check or negotiable instrument that is returned or dishonored, you agree to pay a fee of $30.00.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following.

A. You must pay this Contract even if someone else has also signed it.

B  We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C  We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E  If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

_____   _____
Signature                          Date

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

---

## ASSIGNMENT BY SELLER

Seller sells and assigns the Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract (SEPARATE AGREEMENT: If this Assignment is made 'under the terms of a separate agreement' as indicated on page 1 the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

A  This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis

B  The statements contained in this Contract are true and correct

C  The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives

D  This sale was completed in accordance with all applicable federal and state laws and regulations

E  This Contract is valid and enforceable in accordance with its terms

F  The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct

G  This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller

H  A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution

I  The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer

J  Seller has or will perfect a security interest in the Property in favor of the Assignee

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off, or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time

# ASSIGNMENT

This ASSIGNMENT is attached to and expressly made a part of that certain Retail Installment Contract pertaining to the sale and financing of a motor vehicle (the "Contract") more particularly described as follows

**Date of Contract**          **Seller**          **Buyer(s)**

*4/11/03          Billion Buick/McKia          Val Korthals*

FOR VALUE RECEIVED, the Seller identified above ("Seller") hereby sells, assigns and transfers to AmeriCredit Financial Services, Inc , its successors and assigns ("AmeriCredit"), Seller's entire right, title and interest in and to the Contract and authorizes AmeriCredit to do every act and thing necessary to collect and discharge obligations arising out of or incident to the Contract. The Assignment of the Contract shall be WITHOUT RECOURSE to the Seller unless noted below or except in the circumstances set forth herein. Seller acknowledges that, notwithstanding anything to the contrary contained in said Contract, including references in the Contract to assignees other than AmeriCredit, if any, this Assignment shall be effective to transfer Seller's rights in the Contract to AmeriCredit

Warranties: In order to induce AmeriCredit to accept assignment of the Contract, Seller warrants to AmeriCredit that (1) the Contract is genuine, legally valid and enforceable and arose from the sale of the motor vehicle and other property and services described therein (the "Property"), (2) the Property is as represented to the Buyer(s) described above ("Buyer"), (3) the Buyer has paid the downpayment exactly as stated in the Contract and the downpayment, if paid by check, has cleared a financial institution at time of initial presentment, (4) there is no inaccuracy or misrepresentation in any statements made by or on behalf of Buyer and furnished to AmeriCredit, including those contained in the credit application, (5) all disclosures required by law were properly made to Buyer prior to Buyer signing the Contract, (6) it will file the appropriate title documents within twenty (20) days from the date the Buyer takes possession of the vehicle with the appropriate state/county departments or agencies reflecting AmeriCredit as the first lienholder, (7) no material fact relating to the Property or the Contract was misrepresented to Buyer or omitted from disclosure to Buyer; (8) Seller has the right to assign the Contract to AmeriCredit and a certificate of title to the Property, showing a first lien for the benefit of AmeriCredit, has been or will be applied forthwith if permitted by law, and (9) the acquisition fee or discount, if any, charged by AmeriCredit to Seller in connection with the purchase of the Contract was not separately imposed on the Buyer by the Seller If there is, as determined solely by AmeriCredit, any breach of any warranty of Seller, without regard to Seller's knowledge or lack of knowledge with respect thereto or AmeriCredit's reliance thereon, Seller hereby agrees unconditionally to repurchase the Contract and/or the Property from AmeriCredit, upon demand, for the full amount then unpaid whether the Contract shall then be, or not be, in default Seller agrees to indemnify AmeriCredit for any setoff or loss, including attorney's fees and costs, suffered as a result of a claim or defense of Buyer against Seller Liability of Seller arising out of or incident to this Assignment shall not be affected by waiver, indulgence, compromise, settlement, extension or variation of the terms of the Contract and Seller waives notice of acceptance of this Assignment and notices of non-payment and non-performance of the Contract

*Billion Buick GMC Kia*
**Dealer-Seller**

*Mark W Aggen*          *4/11/03*
**By**          **Date**

**Assignment of the Contract shall be WITHOUT RECOURSE unless noted below. (Dealer-Seller and AmeriCredit must initial.)** _____

# STATE OF SOUTH DAKOTA

## VEHICLE
## CERTIFICATE OF TITLE

| TITLE NO. | TITLE ISSUE DATE | TYPE | PREVIOUS STATE/BRAND | TAX CODE/AMT. | TITLE COUNTY | WEIGHT/CC |
|---|---|---|---|---|---|---|
| 30056218 | 05/08/2003 | N | | 427.29 | 01 | 2,741 |

| YEAR | MAKE | MODEL | BODY | VEHICLE IDENTIFICATION NUMBER | ODOMETER |
|---|---|---|---|---|---|
| 2003 | KIA | SPC | 4H | KNAFB161735100742 | 66 ACTUAL |

KNAFB161735100742

MAIL TO:
AMERICREDIT FINANCIAL SERVICES
PO BOX 182673
ARLINGTON          TX 76096-2673

2 9      421399387-0076
100742          0477670

OWNER(S)   KORTHALS, VALERIE          KORTHALS VALERIE

OWNER ADDRESS   301 S JESSICA AVE
SIOUX FALLS          SD 57103-1821

## LIENHOLDER(S)          LIEN RELEASE(S)

FIRST LIENHOLDER
AMERICREDIT FINANCIAL SERVICES
PO BOX 182673
ARLINGTON          TX 76096-2673

10

RELEASED BY

NOTED BY _____          _____
REGISTER OF DEEDS   (CO #)   (DATE)          REGISTER OF DEEDS   (CO #)   (DATE)

SECOND LIENHOLDER
#20 SD Department of Labor
Box 4730 Aberdeen SD 57402

NOTED BY _____          RELEASED BY
REGISTER OF DEEDS   (CO #)   (DATE)          REGISTER OF DEEDS   (CO #)   (DATE)

COUNTY TREASURER ONLY

1. Purchase Price (see reverse side)
   Bill of Sale Not Available    Computer NADA ED
2. Less Trade In Allowance          $
3. Balance          $
4. Tax 3% of Line 3          $
5. Credit for Tax Paid to Another State          $
6. Title Fee          $
7. Penalty Fee          $
8. License Fee          $
9. Solid Waste Fee          $
10. County/Wheel Tax (if applicable)          $
11. Other Fees          $
12. Balance Due          $

THE DEPARTMENT OF REVENUE, UNDER SOUTH DAKOTA LAW,
CERTIFIES THAT THE PERSON(S) NAMED HEREON IS DULY REGISTERED
IN THIS OFFICE AS OWNER(S) OF THE DESCRIBED PROPERTY SUBJECT
TO ANY LIENS AND ENCUMBRANCES HEREIN SET FORTH, SOUTH
DAKOTA LAW REQUIRES DISCLOSURE OF DAMAGE ON MOTOR
VEHICLES. DAMAGE INFORMATION IS AVAILABLE UPON WRITTEN
REQUEST SENT TO THE DEPARTMENT OF REVENUE, DIVISION OF
MOTOR VEHICLES, 445 EAST CAPITOL AVENUE, PIERRE, SD 57501-3100.

SECRETARY
DEPARTMENT OF REVENUE

MVKALUT
030508 081400

CONTROL NO   8406177

DOR-MV 100 (3/02)

ANY ALTERATIONS OR ERASURES VOID TITLE

# VEHICLE

## SOUTH DAKOTA LIENHOLDER'S NOTICE OF FILING

| TITLE ISSUE DATE | TITLE NO. | TYPE | PREVIOUS STATE | TAX *CODE / $AMT | COUNTY |
|---|---|---|---|---|---|
| 05/08/2003 | 30056218 | N | | 427.29 | 01 |

| YEAR | MAKE | MODEL | BODY | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|---|---|
| 2003 | KIA | SPC | 4H | KNAFB161735100742 |

MAIL TO: AMERICREDIT FINANCIAL SERVICES
PO BOX 182673
ARLINGTON      TX 76096-2673

WEIGHT / CC
2,741

ODOMETER
66   ACTUAL

2 2          421399387-0076

OWNER(S):       KORTHALS, VALERIE          100742          0477680

KORTHALS VALERIE

OWNER ADDRESS:     301 S JESSICA AVE
SIOUX FALLS      SD   57103-1821

FIRST LIENHOLDER:     AMERICREDIT FINANCIAL SERVICES
PO BOX 182673
10          ARLINGTON      TX   76096-2673

SECOND LIENHOLDER:

################################### RELEASE OF LIEN ###################################

TO COUNTY REGISTER OF DEEDS: Your office is hereby directed to release the lien held by_____

_____, noted as the _____ (First or Second) lienholder listed above, and mark said lien
as "SATISFIED" on this _____ day of _____, 20____.

LIENHOLDER: _____ AUTHORIZED BY: _____
                                                                    (Signature)              (Title)

################################### AFFIDAVIT OF REPOSSESSION ###################################

This is to certify that on the _____ day of _____, 20____ the undersigned did lawfully repossess the vehicle as described
above, because of the failure of the debtor to fulfill his/her obligation according to the terms of the encumbrance on said
vehicle. That I (we) make this affidavit for the purpose of establishing ownership to said vehicle in order to obtain a
Certificate of Title hereto under the laws of the State of South Dakota. I (we) further state that in consideration of the
issuance of the transfer of certificate of title applied for, I (we) hereby agree to idemnify the Secretary of the Department of
Revenue and all persons acting for him from any and all liability that may occur by the issuance of such certificate and
agree at my expense to defend any suit that may be brought against the Secretary or any person acting for him as a result of
issuing such certificate.

Subscribed and sworn to before me this _____ day of
_____, 20____.

Firm Name _____

_____          Authorized Signature _____
Notary Public

My Commission Expires _____          MVKALUT    030508    081400